CLARE v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroads**: DOUBLE DAMAGES FOR INJURY TO CROPS: PLEADING.   A complaint in an action under the 43rd section of the Railroad Law, to recover double damages for injury to crops, alleged that " at a point on defendant's railroad where defendant had failed to erect and maintain lawful fences on the sides of its road as required by said 43rd section, where the same passed through, along or adjoining inclosed or cultivated fields or uninclosed lands, and by reason of said failure," certain hogs broke into and destroyed plaintiff's corn.   *Held*, (1) That this complaint negatived the possibility of the hogs having entered at the crossing of a public highway: (2) That in actions for damages to crops there is no necessity for negativing this possibility.

*Appeal from Platte Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*Shanklin, Low & McDougal* for appellant.

*R. P. C. Wilson* for respondent.

MARTIN, C.—This is a suit for damages to crops by the entry of stock, and was commenced on the 9th day of August, 1879, before a justice of the peace of Green township, Platte county.   The statement is as follows:

Plaintiff states that defendant is a corporation; that about the 1st day of September, 1878, in Green township,

Platte county, Missouri, at a point on defendant's railroad, where the said defendant had failed to erect and maintain lawful fences on the sides of said railroad, as required by the 43 section of chapter 37 of Wagner's Statutes, where the same passed through, along or adjoining inclosed or cultivated fields or uninclosed lands, etc., and by reason of said failure, aforesaid, certain hogs broke into and laid waste, and wholly destroyed about four acres of corn, belonging to plaintiff, of the value of $30. Wherefore plaintiff asks judgment for double the value of said corn as his damages, with lawful interest, by virtue of the said section 43.

Judgment went for plaintiff before the justice. The defendant appealed the case to the circuit court, where the plaintiff again recovered judgment in the sum of $60. From this judgment the defendant appeals. At the close of the trial in the circuit court the defendant preserved by bill of exceptions its objection to the sufficiency of the statement, its motion for new trial in arrest of judgment.

The principal ground of objection to the sufficiency of the statement now urged by defendant, is that it fails to show that the defendant was required to fence its road at the point where the stock entered upon plaintiff's land. It is urged that the statement does not negative the possibility of the hogs having entered at the crossing of a public highway. I think that inference is sufficiently negatived in the statement. It is alleged that the "hogs broke into" and destroyed four acres of corn, by reason of the failure of the defendant "to erect and maintain lawful fences on the sides of said railroad, as required" by the 43rd section of the 37th chapter of the act on railroads, "where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands." It may be remarked here that the necessity of excluding the operation of the exemption to fence highway crossings is not apparent in cases of damage to crops for a failure to fence. Cattle may be killed at railroad crossings without subjecting the company to double

damages; because it is not lawful to inclose the road at such crossings with a fence or any other protection. No entry of cattle upon the road by reason of the absence of a fence across the highway, can have any bearing upon a case for damages to crops. When the road becomes liable in such a case it must always be for a failure to erect fences on the sides of its road or on the sides of the highway crossings over its right of way.

The point made by counsel for defendant to the effect that no liability for failure to "maintain" a lawful fence is alleged, because no negligence in that respect is averred, is not well taken as an objection to the sufficiency of the petition. It is mere surplusage if no cause of action is alleged in connection with it. If it were stricken out the allegation of the failure of the defendant to "erect" a lawful fence would remain, and the bill of exceptions admits that evidence was given by plaintiff tending to support what is alleged in the statement.

Judgment affirmed. All concur.